Judgment, Supreme Court, New York County (Manuel J. Mendez, J.), entered June 18, 2012, denying the petition to annul respondents’ determination, dated August 25, 2011, which denied petitioner’s application to renew his stationary engineer license, and dismissing the proceeding brought pursuant to CFLR article 78, unanimously reversed, on the law, without costs, the judgment vacated, the petition granted, and the matter remanded to respondents for further proceedings consistent herewith.
The determination to deny petitioner’s renewal application for a stationary engineer license was in violation of lawful procedure and did not have a rational basis (see CFLR 7803 [3]). Respondents arbitrarily found that petitioner’s then nine-year-old federal convictions of mail fraud (18 USC § 1341) and money laundering (18 USC § 1957) bore a direct relationship to the duties and responsibilities attendant to a stationary engineer, the license for which he sought renewal after having his license renewed 26 consecutive times (see Correction Law § 750 [3]; 752 *633 [2]; Matter of Dellaporte v New York City Dept. of Bldgs., 106 AD3d 446 [1st Dept 2013]). In 1996, petitioner contracted with the New York City Off-Track Betting Corporation (OTB) to install and/or renovate heating ventilation and air-conditioning (HVAC) units in OTB’s offices. The conviction at issue arose from petitioner’s submission of inflated invoices to OTB in 1997 and 1998, so as to be compensated for extra-contractual design work related to, but not included in, the installation/renovation contract, an action apparently designed, with agency approval, to compensate him for extra work actually performed. These actions bore no direct relationship to the equipment maintenance duties and responsibilities inherent in the stationary engineer license, and thus did not satisfy the first exception to the general prohibition against discrimination against persons previously convicted of criminal offenses (see Correction Law § 752 [1]).
Respondents also erred in concluding that petitioner posed an unreasonable risk to public safety or welfare so as to satisfy the second exception to the general prohibition (see Correction Law § 752 [2]). There was no evidence in the record that petitioner ever submitted false documents that related to his stationary engineer responsibilities or implicated public safety, and he disclosed his 2002 conviction on at least two prior license renewal applications, each of which was granted. It is also undisputed that petitioner lived a law-abiding life in the decade after the conviction, and his renewal application included several letters verifying his character and fitness, including from business persons and directors of charitable organizations, indicating that petitioner was always dependable, his honesty and integrity were “beyond reproach,” and he provided his professional services for free or at minimum cost, whenever needed, to organizations serving the neediest members of the community. Respondents provided no evidence suggesting that petitioner has not been rehabilitated (see Matter of Bonacorsa v Van Lindt, 71 NY2d 605, 612 [1988]), but instead offered only “speculative inferences unsupported by the record” to raise an issue concerning potential risk to the public arising out of conduct similar to that for which petitioner had been previously convicted (see Matter of Marra v City of White Plains, 96 AD2d 17, 25 [2d Dept 1983] [internal quotation marks omitted]).
We note that petitioner’s original conviction on fourteen counts of mail fraud was unanimously reversed and vacated due to the suppression of material and exculpatory evidence tending to support petitioner’s trial defense of authorization, which seriously undermined confidence in the conviction (see United States *634 v Gil, 297 F3d 93, 105 [2d Cir 2002]). We further note the extenuating, mitigating circumstances behind his subsequent plea, including his familial and financial distress, and the fact that the sentencing court was informed that the plea was necessary because the previously suppressed evidence would make it particularly challenging to obtain a new guilty verdict (see Matter of Gallo v LiMandri, 102 AD3d 621, 625 [1st Dept 2013]). Under all of the circumstances, including the rather unusual facts underlying the conviction, “there is virtually no justification for the claim that the conviction demonstrates poor moral character adversely reflecting on [petitioner’s] fitness to hold [a stationary engineer] license” (id. at 621). Concur — Sweeny, J.P., Saxe, Moskowitz, Gische and Clark, JJ.